UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE JOHN RIVERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL RAMOS,<br><br>　　　　　Respondent. | No. CV 10-2977 GAF (FFM)<br><br>ORDER SUMMARILY DISMISSING ACTION |

　　　　On May 11, 2009, petitioner filed a document entitled, "Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254" ("Original Petition"). Petitioner alleged that he was being held for trial at the West Valley Detention Center in Rancho Cucamonga, California. Because petitioner was not being held in custody pursuant to the judgment of a state court, the Court interpreted petitioner's filing as a request pursuant to 28 U.S.C. § 2241.

　　　　In the Original Petition, petitioner alleged that he had been arrested on September 19, 2002 in New South Wales, Australia, pursuant to a provisional arrest warrant pending an extradition request with respect to a murder charge pending in the California Superior Court for San Bernardino County. Petitioner further alleged that the United States Embassy formally submitted an extradition request to the Australian government on November 12, 2002 and that on August 31, 2006, the Minister for Justice and Customs determined that petitioner should

be surrendered to the United States to stand trial. Petitioner contested the determination in the Federal Court of Australia without success.

The majority of the Original Petition detailed alleged improprieties in the extradition proceedings, some of which were previously presented to and rejected by the Australian courts. Petitioner also alleged that the district attorney was threatening to allege special circumstances and seek the death penalty in violation of the Specialty Doctrine. The Specialty Doctrine generally limits the prosecuting jurisdiction from charging a defendant with offenses other than the ones for which extradition was granted. *United States v. Rauscher*, 119 U.S. 407, 424, 7 S. Ct. 234, 30 L. Ed. 425 (1886).

Construing the Original Petition as one pursuant to 28 U.S.C. § 2241, the Court denied the Original Petition pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *See Lawrence John Rivera v. Michael Ramos*, docket no. CV 09-03299-GAF-FFM, docket entry 3.

On April 21, 2010, petitioner filed a document entitled "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)" ("New Petition"). The New Petition challenges the same extradition proceedings challenged in the Original Petition. In the New Petition, petitioner adds a claim based on an alleged violation of petitioner's right to a speedy trial.

As the Court stated in its order dismissing the Original Petition, 28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger*, 401 U.S. at, 45-46; *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer

adequate opportunity to litigate federal constitutional issues).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."  *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).  In the habeas context, *Younger* abstention promotes both the interest of comity and judicial economy.  A habeas petitioner may be acquitted at trial, or on appeal, thereby mooting the federal issue in the petition.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

*Younger* abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).

Under the first prong of the *Younger* test, dependancy of the state proceedings is determined at the time the federal petition is filed.  *Mission Oaks Mobile Home Park v. City of Hollister,* 989 F.2d 359, 360-61 (9th Cir. 1993).  State proceedings are ongoing if appellate remedies have not been exhausted.  *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608-09, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975).  The New Petition makes clear that state proceedings are ongoing in petitioner's criminal case.

As to the second factor, state proceedings may implicate important state interests when they are necessary for the vindication of important state policies.  *Middlesex County Ethics Commission*, 457 U.S. at 432.  Here, the state's interest in prosecuting an alleged murderer is clearly an important state policy.

/ / /

In considering the third factor, the Supreme Court has noted that "where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the Constitutional claims.'" *Middlesex County Ethics Commission*, 457 U.S. at 432.  A federal court should assume that state procedures will afford an adequate opportunity for consideration of Constitutional claims "in the absence of unambiguous authority to the contrary." *Pennzoil Co v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).  California law affords petitioner an opportunity to present his Constitutional claims in state habeas proceedings before trial and on direct and collateral review after trial.  It appears from the New Petition that petitioner already has presented his claims in state habeas proceedings.

Thus, all three of the *Younger* requirements are satisfied in the present case.  Abstention is therefore required unless an exception to *Younger* applies.  *Younger* exceptions are few and far between.  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972).  Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 53-54.  Irreparable injury does not exist if the threat to the plaintiff's federally protected rights may be eliminated by his defense of the criminal case. *Id.* at 46.  Moreover, even irreparable injury is insufficient to permit interference with the proceedings unless it is "both great and immediate." *Id.*  "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

/ / /

/ / /

The holding in *Carden* confirms that abstention is appropriate here. In that case, the petitioners had moved in state court for a dismissal of the claims against them, alleging a violation of their constitutional right to a speedy trial. The trial court granted the motion but the Montana Supreme Court reversed. The petitioners then filed their petition for writ of habeas corpus in the United States District Court. The district court granted the petition finding a violation of petitioners' constitutional right to a speedy trial. In reversing the grant of the writ, the Ninth Circuit ruled that the merits of the speedy trial claim did not determine the appropriateness of federal intervention. The court noted that "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial. . . . Rather[,] . . . a speedy trial claim is best reviewed after trial when the district court's dismissal is more conclusive and allegations of prejudice are less speculative." 626 F.2d at 84.

Here, as in *Carden*, all of petitioner's claims will be subject to review after trial. Petitioner has failed to demonstrate the extraordinary circumstances necessary to justify interference in the ongoing state proceedings.

IT THEREFORE IS ORDERED that this action be summarily dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 3, 2010

_____
GARY A. FEESS
United States District Judge

Presented by:

/ s / FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge